**Inamonica INAMONICA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70300.

Agency No. A79–544–410.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.\*

Decided Dec. 10, 2004.

Prashanthi Rangan, Korenberg, Abramowitz & Feldun, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Terri J. Scadron, Josh Braunstein, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM\*\*

Inamonica Inamonica is a 27–year–old native and citizen of Indonesia. She is an ethnically Chinese Christian. Inamonica petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny the petition.

Substantial evidence supports the IJ's finding that the harm Inamonica suffered did not rise to the level of past persecution. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995). Substantial evidence also supports the IJ's finding that Inamonica failed to demonstrate a well-founded fear of persecution because she failed to show the "comparatively low" *individualized* risk required by *Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir.2004).

Because petitioner failed to establish eligibility for asylum, she necessarily fails to meet the requirements for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254–55 (9th Cir.2003).

Inamonica has waived her claim for protection under CAT by failing to raise any arguments in her opening brief challenging the IJ's denial of this claim. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 750 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued pursuant to the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate. Petitioner's subsequent motion of January 20, 2004 for a stay of voluntary departure is therefore moot.

**PETITION DENIED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.